UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

2:24-mj-5703

Holding a Criminal Term
Grand Jury Sworn in on June 14, 2024

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | UNDER SEAL |
| | : | |
| MALONE LAM, | : | VIOLATIONS: |
| Also known as "Anne Hathaway," | : | |
| Also known as "$$$," and | : | COUNT 1: |
| | : | 18 U.S.C. § 1349 |
| JEANDIEL SERRANO, | : | (Conspiracy to Commit Wire Fraud) |
| Also known as "VersaceGod," | : | |
| Also known as "@SkidStar," | : | COUNT 2: |
| | : | 18 U.S.C. § 1956(h) |
| Defendants. | : | (Conspiracy to Launder Monetary |
| | : | Instruments) |
| | : | |
| | : | FORFEITURE: |
| | : | 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that, at all times material to this Indictment, on or about the dates and times stated below:

Case: 1:24-cr-00417
Assigned To : Judge Colleen Kollar-Kotelly
Assign. Date : 9/17/2024
Description: INDICTMENT (B)

### The Conspiracy

1. From at least in or around August 2024 and continuing through at least September 2024, **MALONE LAM ("LAM")** and **JEANDIEL SERRANO ("SERRANO")** conspired with each other and others to carry out cryptocurrency thefts and to launder stolen cryptocurrency through various cryptocurrency exchanges and mixing services.

2. The co-conspirators in this scheme included, among others,

a. **MALONE LAM**, who used the online monikers "Anne Hathaway," and "$$$" to coordinate and execute cryptocurrency fraud; and

b. **JEANDIEL SERRANO**, who used the online monikers "VersaceGod" and "@SkidStar" to coordinate and execute cryptocurrency fraud.

### Purpose of the Conspiracy

3. The object of the conspiracy was for **LAM, SERRANO**, and others (collectively, the "co-conspirators") to unjustly enrich themselves by targeting victims for cryptocurrency thefts and fraud and laundering the proceeds to disguise the origin and ownership of the stolen cryptocurrency.

### Manner and Means

4. Beginning at least in or around August 2024 until at least September 2024, **LAM, SERRANO**, and other co-conspirators, within the District of Columbia and elsewhere, carried out the conspiracy through the following manner and means, among others:

a. Co-conspirators, including **LAM, SERRANO,** and others gained access to victim cryptocurrency accounts and unlawfully transferred victim funds into their possession.

b. Co-conspirators, including **LAM, SERRANO,** and others laundered fraud proceeds through various cryptocurrency exchanges and mixing services in an attempt to conceal and disguise the origin and ownership of the stolen proceeds.

c. Co-conspirators, including **LAM, SERRANO,** and others used the illegally obtained cryptocurrency to purchase international travel, service at

nightclubs, numerous luxury automobiles, watches, jewelry, designer handbags, and to pay for rental homes in Los Angeles and Miami.

5. Among other things, on or about August 18, 2024, in furtherance of the conspiracy and to effect the objects thereof, the co-conspirators, including **LAM** and **SERRANO**, engaged in digital communications with Victim-1 in Washington, D.C., and through such communications fraudulently obtained the means to, and fraudulently did, transfer and steal over 4,100 Bitcoin ("BTC") (then worth over $230,000,000.00) from Victim-1.

## COUNT ONE
## (18 U.S.C. § 1349)
### (Conspiracy to Commit Wire Fraud)

6. Paragraphs 1 through 5 are re-alleged herein.

7. Beginning on a date unknown, but no later than in or around August 2024, and continuing until in or around at least September 2024, within the District of Columbia and elsewhere, the defendants,

**MALONE LAM and**
**JEANDIEL SERRANO**

did knowingly and willfully conspire, confederate, and agree, with each other and with other persons, to commit wire fraud by devising, intending to devise, and engaging in a scheme to defraud and to obtain money, property, and cryptocurrency from Victim-1 and others by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme to defraud, did knowingly cause to be transmitted by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds.

(In violation of Title 18, United States Code, Section 1349)

## COUNT TWO
## (18 U.S.C. § 1956(a)(1)(B)(i))
## (Laundering of Monetary Instruments)

8. Paragraphs 1 through 5 are re-alleged herein.

9. From in or around at least August 2024 and continuing through at least September 2024, in the District of Columbia and elsewhere, the defendants,

## MALONE LAM and
## JEANDEIL SERRANO

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit: the movement of $230,000,000 in stolen cryptocurrency which involved the proceeds of a specified unlawful activity, that is an offense under Title 18, United States Code, Section 1349, relating to the conspiracy to commit wire fraud as alleged in Count One of the Indictment, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## MANNER AND MEANS

10. The manner and means used to accomplish the objectives of the conspiracy included, among others,

   a. Co-conspirators including **LAM** and **SERRANO**, directly and through others, transferring portions of the $230,000,000 in stolen cryptocurrency between multiple cryptocurrency addresses and through cryptocurrency

        mixers and exchanges for the purpose of concealing ownership and disguising the origin and current location of the stolen funds.

b.   Co-conspirators including **LAM** and **SERRANO** using peel chains and pass-through wallet addresses for the purpose of concealing ownership and disguising the location of the stolen funds.

c.   Co-conspirators including **LAM** and **SERRANO** attempting to obfuscate their identities by using virtual private network ("VPN") services to attempt to mask their true IP addresses.

(In violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(1)(B)(i))

## FORFEITURE ALLEGATION

11.   Upon conviction of the offense alleged in Count One of this Indictment, the defendants **LAM** and **SERRANO** shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

12.   Upon conviction of the offense alleged in Count Two of this Indictment, the defendants **LAM** and **SERRANO** shall forfeit to the United States any property, real or personal, involved in these offenses, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).

## MONEY JUDGMENT

13.   In the event of conviction, the United States will seek a forfeiture money judgment against the defendants.

## SUBSTITUTE ASSETS

14. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(Criminal Forfeiture, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1); Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p)).

A TRUE BILL

FOREPERSON

*[signature]*
MATTHEW M. GRAVES
ATTORNEY FOR THE UNITED STATES
IN AND FOR THE DISTRICT OF COLUMBIA